ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 10 PM 3: 49

CLERK _CAdams_
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### DUBLIN DIVISION

KEITH HENDERSON,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        CV 312-093
                                          )
LARRY BUTTS, Deputy Warden,               )
TIMOTHY JONES, Deputy Warden,             )
KEITH MORRIS, RICKY TUCKER,               )
Sergeant, FNU O'NEAL, Lieutenant, FNU     )
GOTEL, Lieutenant, FNU JOHNSON,           )
CERT Officer, FNU HURSE, CERT             )
Officer, FNU DENNIS, CERT Officer,        )
FNU FOREMAN, CERT Officer,                )
SERGEANT FNU EDWARDS, CERT                )
Officer, CORPORAL S. WRIGHT, Officer,     )
FNU INGRAM, CERT Officer, FNU             )
RIGGINS, CERT Officer, S. SCOTT,[1] and   )
JOSE MORALES, Warden,                     )
                                          )
                    Defendants.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate presently incarcerated at Hays State Prison ("HSP") in Trion,

Georgia, brought the above-captioned action pursuant to 42 U.S.C. § 1983.[2] (Doc. no. 1.)

Plaintiff seeks to proceed *in forma pauperis* ("IFP") in the action. (Doc. no. 2.) For the

---

[1] The **CLERK** is **DIRECTED** to modify the docket in accordance with the caption of this Order to reflect that Plaintiff has also named S. Scott as a Defendant. (See doc. no. 1, pp. 1, 4.)

[2] Although he is now incarcerated at HSP, Plaintiff's complaint concerns events alleged to have taken place during Plaintiff's incarceration at Johnson State Prison ("JSP"), located in Wrightsville, Georgia. (See generally doc. no. 1.)

reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that this action be **DISMISSED**, and that Plaintiff be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."

## I. BACKGROUND

As Plaintiff should now be well aware, see Henderson v. Butts, CV 312-030, doc. no. 3 (S.D. Ga. Apr. 18, 2012), a prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II.   DISCUSSION

### A.   Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Henderson v. Barfield, CV 312-029 (S.D. Ga. July 12, 2012) (dismissed for failure to state a claim); (2) Henderson v. Newsome, CV 311-056 (S.D. Ga. Oct. 17, 2011) (dismissed as sanction for providing false information about prior filing history); and (3) Henderson v. Harris, CV 109-181 (M.D. Ga. Feb. 19, 2010) (dismissed for failure to follow court orders).[4] As those previous cases were dismissed for failure to state a claim, and as a sanction for providing false information and for failing to comply with court orders, they qualify as strikes under § 1915(g).[5]

Moreover, Plaintiff has already brought this same set of claims on multiple occasions against a nearly identical list of Defendants with equally ineffective results. See Henderson v. Butts, CV 312-030, doc. no. 1 (S.D. Ga. Apr. 13, 2012) (hereinafter "CV 312-030"). In that case, which was itself dismissed under the three strikes provision, the Honorable Dudley

---

[4]Another action filed by Plaintiff, Henderson v. Strickland, CV 109-176 (M.D. Ga. Feb. 17, 2010), was also dismissed for failure to follow court orders, and in yet another action, which is currently pending, the Honorable G. R. Smith, United States Magistrate Judge, has recommended dismissal under the three-strikes provision. See Henderson v. Graham, CV 312-085, doc. no. 4 (S.D. Ga. Sept. 24, 2012).

[5]Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

H. Bowen, Jr., United States District Judge, discussed Plaintiff's filing history in an Order dated June 13, 2012. See id. at doc. no. 12. Judge Bowen noted that Plaintiff's allegations in that lawsuit appeared to concern the same events from yet another prior lawsuit that had been dismissed under the three strikes provision, see Henderson v. Wright, CV 311-110 (S.D. Ga. Feb. 7, 2012), and he warned Plaintiff that if he continued to submit frivolous filings, he would face consequences from the Court. See CV 312-030, doc. no. 12. In sum, taking into consideration the instant civil action, it appears that Plaintiff has now attempted to sequentially file at least three separate cases under § 1983 concerning the same events, the previous two of which were dismissed for violating the three-strikes provision.[6] Here, because, once again, Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In his complaint, Plaintiff appears to attempt to state claims based on the confiscation of his personal property by prison

---

[6]The Court also notes that, on the same day that he filed the instant complaint, Plaintiff submitted a filing styled as an application for a writ of habeas corpus that concerns the same events at JSP, and that asserts many of the same claims. See Henderson v. Morales, CV 312-092, doc. no. 1 (S.D. Ga. Sept. 21, 2012).

officials, a vaguely explained and allegedly violent incident related to several named Defendants, the raising of his security level, and his confinement in a cell with a covered top window and a locked "food tray flap." (See doc. no. 1.) Plaintiff also asserts, without any coherent explanation, that he has been subjected to false imprisonment, aggravated stalking, slavery, corruption, defamation of character, and a host of other wrongs. (See id.)

However, none of the specific facts alleged in the complaint suggest that Plaintiff was in "imminent danger" at the time he commenced this case. Indeed, while Plaintiff's complaint concerns events that allegedly occurred at JSP, he was incarcerated at HSP by the time he filed his complaint, negating the possibility that the conditions of which he complains at JSP continued to pose him a risk of harm, let alone imminent danger, when he commenced this case. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

The Court will take this opportunity to again advise Plaintiff that he will not be permitted to proceed *in forma pauperis* in any case unless he is under imminent danger of serious physical injury, 28 U.S.C. § 1915(g). As explained, supra, this is Plaintiff's fourth filing concerning the same events. The Court accordingly reminds Plaintiff that it does him no good to persist in submitting filings that concern the same events and that are consistently dismissed under the three-strikes provision. Such tactics are an abuse of process and a waste of judicial resources, and may subject him to sanctions by this Court. See Fed. R. Civ. P. 11. Moreover, as Plaintiff has ignored the warning in Judge Bowen's June 13, 2012 Order, he should now be enjoined from seeking to proceed IFP again absent sworn allegations that he

is in "imminent danger."[7] Smith v. Fla. Dep't of Corrs., 369 F. App'x 36, 40 (11th Cir. 2010) (*per curiam*) (district court order enjoining prisoner from filing any new civil cases IFP was not overbroad, for the scope of the injunction precisely matched the scope of the PLRA, 28 U.S.C. § 1915(g), and did not foreclose "imminent danger" claims). As part of that sworn showing, he must also identify all prior litigation that he has brought in any court of record, including the full case name, case number, court in which it was brought, and disposition.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED**. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*). The Court further **REPORTS** and **RECOMMENDS** that Plaintiff be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."

SO REPORTED and RECOMMENDED this *10th* day of October, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7] Should Plaintiff perjure himself, he faces criminal prosecution. See, e.g., United States v. Dickerson, CR 608-036, doc. no. 1 (S.D. Ga. Dec. 11, 2008) (28 U.S.C. § 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. no. 47 (guilty verdict), cited in Colony Ins. Co. v. 9400 Abercorn, LLC, ___ F. Supp. 2d ___, 2012 WL 2090366, at *4 n.2 (S.D. Ga. May 10, 2012).